IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **PATRICK ANDRE TUMER,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | Civil Action No. 4:23-cv-01145-O-BP |
| | § | |
| **MIDFIRST BANK,** | § | |
| **MIDLAND MORTGAGE,** | § | |
| | § | |
| **Defendant.** | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is Plaintiff's Notice of Dismissal (ECF No. 33), notifying the Court of Plaintiff's dismissal of the case without prejudice. The case was referred to the undersigned automatically under Special Order 3 on December 6, 2023. ECF No. 14.

An action may be dismissed by a plaintiff without order of the court by filing a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment. *See* Fed. R. Civ. P. 41(a)(1)(A)(i). The right to voluntarily dismiss an action before the filing of an answer or summary judgment motion is "absolute and unconditional" and may not be "extinguished or circumscribed by adversary or court." *Int'l Driver Training Inc. v. J-BJRD Inc.*, 202 F. App'x 714, 715-716 (5th Cir. 2006) (quoting *Am. Cyanamid Co. v. McGhee*, 317 F. 2d 295, 297 (5th Cir. 1963) and 8 James W. Moore et al., *Moore's Federal Practice*, § 41.33[2], at 41-48 (Matthew Bender 3d ed. 2006)). A notice of voluntary dismissal under this rule is "self-executing," and no further court action is required. *Id.*

Defendant has filed a Motion to Dismiss (ECF No. 18), but it has not filed an answer or a motion for summary judgment. While a court order is not required to dismiss the case, such an

order would promote consistency, clarity, and efficiency. Thus, the undersigned **RECOMMENDS** that Judge O'Connor **DISMISS** the case without prejudice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). To be specific, an objection must identify the particular finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

**SIGNED** on April 17, 2024.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE